Argued January 18; defendant disbarred February 13, 1934

## STATE ex rel. SETON et al. *v.* McMENAMIN
### (29 P. (2d) 520)

*Will H. Masters,* of Portland, for plaintiffs.
*James West,* of Portland, for defendant.

CAMPBELL, J. This is a disbarment proceeding in which the defendant, an attorney duly admitted to practice in this court, is accused by the proper committee of the bar association, of unprofessional conduct, which, in effect, consists of obtaining money by fraud and willful deceit.

The particular charges, set up in the complaint, will appear in the findings of fact, hereinafter set out.

The defendant answered and admitted the formal parts but denied the charges of fraud and deceit. The matter was referred to the Honorable Arlie G. Walker, one of the circuit judges of this state, to take the testimony and make recommendations. The testimony was accordingly taken, the state appearing by the proper parties and the defendant appearing personally and by counsel, and, the evidence having been taken and

considered by the said referee, the referee submits to this court the following findings of fact, omitting the formal parts which are not denied:

"III

That on or about the month of October, 1930, one Hettie Belle Langford was introduced to the defendant, Frank A. McMenamin by a client of the said Frank A. McMenamin; that during the month of December, 1930, she again called at the office of the said Frank A. McMenamin for the purpose of having a mortgage drawn; that during said times said Frank A. McMenamin learned that the said Hettie Belle Langford was a widow and had in excess of $5,000 in cash on deposit in a certain bank.

IV

That on or about January 19, 1931, the said Frank A. McMenamin contacted the said Hettie Belle Langford and informed her that he could invest a part of her money for her and negotiated a loan for the sum of $1500 and informed her that her money would be safe where he was to place it and would be amply secured; that the said Hettie Belle Langford was not familiar with business affairs and her business experience was very limited; and the said Hettie Belle Langford trusted and reposed confidence in the said Frank A. McMenamin in the affairs hereinafter set forth, and allowed the said Frank A. McMenamin to draw all the papers in the said transaction and trusted solely the statements made by the said Frank A. McMenamin and did not secure any other advice or consult any other attorney. That at said time said Frank A. McMenamin borrowed from the said Hettie Belle Langford the sum of $1500.00 and made, executed and delivered to the said Hettie Belle Langford a promissory note, executed by Maggie E. Bell by Frank A. McMenamin, her attorney in fact, and by Frank A. McMenamin personally, and secured the same by a mortgage covering Lots Numbered 15, 16 and 17, Block Numbered 1, Ravenwood Addition to the City of Spokane, State of Washington; that at the time said

mortgage was given to the said Hettie Belle Langford covering said described property, the taxes on said property were delinquent, there was an outstanding contract of sale upon said property and the said property was of a value far less than the amount of said loan; and at said time said Frank A. McMenamin knew all of these facts or should have known them in the exercise of due diligence and care. At least a portion of the money borrowed was used for Frank A. McMenamin's own personal benefit. That prior to the making of the said loan, said Hettie Belle Langford did not personally inspect said premises but relied entirely upon the statements and representations made by Frank A. McMenamin; and prior to the making of the said loan, said Frank A. McMenamin did not cause an abstract of title to be furnished or in any way examine the title to the said property for the protection of the said Hettie Belle Langford.

## V

That on January 23, 1931, the said Frank A. McMenamin borrowed from the said Hettie Belle Langford the sum of $2,000 and as evidence of said loan, made, executed and delivered to the said Hettie Belle Langford a promissory note in the sum of $2,000 executed by the Bell Ranch Inc. by Frank A. McMenamin, President and L. Cox, Secretary; and to secure said note, Bell Ranch Inc. executed a Bill of Sale covering an undivided two-thirds interest in and to 300 acres of fall sown wheat, situated on certain property in the eastern part of the State of Oregon; that said Bill of Sale was never recorded by said Frank A. McMenamin nor was the said Hettie Belle Langford informed by said Frank A. McMenamin that said Bill of Sale should be recorded; that at said time the said Frank A. McMenamin was practically the sole owner of Bell Ranch Inc., and all of said money was used for his personal benefit; that the securities given to said Hettie Belle Langford were not of the value of $2000.00 but far less, which fact the said Frank A. McMenamin knew at said time; that said wheat did not sell for sufficient to pay the expenses of growing and harvesting the same, and

that said Frank A. McMenamin obtained a release from said Hettie Belle Langford on said Bill of Sale covering said wheat, and on July 15, 1932, said Bell Ranch Inc., executed and delivered to said Hettie Belle Langford a chattel mortgage covering a two-thirds interest in and to 400 acres of summer fallow, the crop to be harvested on certain property in Moro County, State of Oregon.

### VI

That on January 27, 1931, said Frank A. McMenamin borrowed from said Hettie Belle Langford $2000.00 and as evidence of said loan, executed and delivered to said Hettie Belle Langford a promissory note executed by Bell Ranch Inc., by Frank A. McMenamin, President and L. Cox, Secretary; and as security for said note, made, executed and delivered to said Hettie Belle Langford a Bill of Sale executed by Bell Ranch Inc., on 45 head of brood sows; that said Frank A. McMenamin was practically the sole owner of Bell Ranch Inc., and that said Bill of Sale was not recorded by said Frank A. McMenamin, nor was Hettie Belle Langford informed by him that said Bill of Sale should be recorded; that at the time of the borrowing of said money, said brood sows were not of the value of $2000.00, the amount of said note, but were of a far lesser value, and were not ample security for said note, all of which facts the said Frank A. McMenamin knew, or should have known.

### VII

That no part of the principal amount in either of the three transactions has ever been repaid to the said Hettie Belle Langford although certain interest payments have been made.

### VIII

That in all of the transactions herein set forth, the said Frank A. McMenamin knew that the said Hettie Belle Langford was loaning said money on the representations of the said Frank A. McMenamin that said loans were amply secured and were good loans, and the said Frank A. McMenamin knew that said Hettie Belle

Langford was reposing trust and confidence in him and said loans were not adequately secured as he well knew. That the said Frank A. McMenamin at all times knew that the said Hettie Belle Langford was reposing trust and confidence in him and was not consulting with any other attorney, and made the loans herein set forth upon the representations and assurance of the said Frank A. McMenamin that in each instance 'there was ample security. And further, it is the finding that the acts herein set forth on the part of Frank A. McMenamin constituted willful deceit, fraud and misconduct in his profession.

### IX

These findings are based upon the evidence produced at the hearing; and the transcript of evidence taken together with the exhibits are herewith transmitted to the Supreme Court.''

The matter was then set for hearing before this court. At the hearing defendant requested to introduce some further testimony in the form of affidavits which request was granted. The case was then fully argued on behalf of the state by Will H. Masters and on behalf of the defendant by James H. West, and submitted to the court. Thereafter, defendant, through his attorney, James H. West, applied for leave to file a brief, this application also being granted, and in due time his brief was filed and the court, having taken the whole matter under consideration, now proceeds to dispose of it.

Defendant makes some objections to the findings of the referee, but a careful perusal of the testimony fully supports the findings of the learned circuit judge who was appointed referee, and we hereby adopt the same as the findings of this court.

The learned circuit judge made no recommendations regarding the disbarment, further than submitting said findings.

It is but fair to say of the defendant that while this matter was pending he endeavored to reimburse the said Hettie Belle Langford by giving her a bill of sale to some personal property on the Bell Ranch Inc. It is estimated that the personal property was of the value of $2,580 and, in addition thereto, he gave her his unsecured promissory note in the sum of $1,600. Such a settlement, after the proceedings herein were begun, would be no defense to the charges made; rather it would be an admission that the loans in the first instance were improvidently made and that defendant knew it at the time. But such action on his part might be taken into consideration at some future time should defendant reestablish his good character and make application for readmission.

Such conduct as defendant was guilty of would certainly prevent his admission to the bar of this state if consummated prior to the time of the application. Section 32-501, Oregon Code 1930, provides that:

"Any member of the bar of this state shall be disbarred by the supreme court, upon proper proceedings for that purpose, whenever it shall appear to that court that his conduct has been such that if he were then applying for admission to the bar his application should be denied."

" 'Membership in the bar is a privilege burdened with conditions.' Matter of Rouss, supra, 221 N. Y. page 84, 116 N. E. 783. The appellant was received into that ancient fellowship for something more than private gain." People v. Culkin, 248 N. Y. 465 (162 N. E. 487).

We can arrive but at one conclusion from the law and the evidence: That the charges have been sustained by a preponderance of the evidence and that the defendant should be disbarred from the practice of law in this state and his license revoked. It is so ordered.